J. Scott Denko
Texas State Bar No. 00792457 (*Pro Hac Vice Pending*)
John Marcus Bustamante
Texas State Bar No. 24040618 (*Pro Hac Vice Pending*)
DENKO & BUSTAMANTE LLP
114 W. 7th Street, Suite 1100
Austin, TX 78701
Telephone: (512) 906-2074
denko@dcllegal.com
bustamante@dcllegal.com

Perry R. Clark
California State Bar No. 197101
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248-5817
Perry@perryclarklaw.com

*Counsel for Plaintiff, CATALYST MEDIUM FOUR, INC., dba Silk, a Texas Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| **CATALYST MEDIUM FOUR, INC., dba Silk, a Texas Corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ULTRAPROOF, INC., a Nevada Corporation,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.: 17-cv-6833**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Catalyst Medium Four, Inc., dba Silk (hereafter "Silk" and formerly known as "CM4") files this, its Original Complaint, against Defendant Ultraproof, Inc., ("Ultraproof" or "Defendant"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Silk seeks relief and recovery from the conduct of the Defendant who has made and continues to make and sell mobile phone cases that are confusingly similar to the mobile phone cases of Silk. In a studied scheme to profit from the work, investment and success of Silk, Ultraproof has sown confusion with its knockoffs of Silk's distinctive designs while studiously avoiding exact copying. Defendant compounds its unfair and fraudulent business practices by using marketing materials and images that are substantially similar to marketing materials and copyright-registered images of Silk. Thus, the Defendant is engaged in copyright infringement as to the marketing materials and images and unfair and fraudulent competition with its knockoff of Silk's mobile phone cases leaving behind the hallmarks of confusion for consumers and harm to Silk.

2. Plaintiff Silk is an Austin-based business that designs and sells mobile phone cases. Since 2011, Silk has been continuously engaged in the design, manufacture and sale of cell phone cases for a variety of mobile phones from major manufacturers such as Samsung and Apple. Silk designs, advertises and sells a mobile phone case for use with the Apple iPhone 7/8 that will be called here the "Vault Wallet." Silk produced and sold a similarly designed product called Vault for the iPhone 6 starting in September 2014 and under its prior business name "CM4" as well as the marketing name "Slite" since October, 2013.

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

(Exhibit 1, Declaration of Matt Altschul at ¶ 8, hereafter "Altschul Decl.")[1]

3. Sales of the Vault Wallet for the iPhone 7/8 started in August of 2017. The Vault Wallet for iPhone 7/8 is a successor to the prior product for the iPhone 6 known as the Vault for iPhone 6. (Altschul Decl. at ¶ 9.)

4. Exhibit 2 is a true and correct copy of U.S. Copyright Office Registration VA 2-051-414, dated May 26, 2017 comprising images which are an accurate depiction of the Vault Wallet and marketing materials used by Silk in its marketing of the genuine Vault Wallet.[2] (Altschul Decl. at ¶ 10.)

5. Silk sells the Vault Wallet through a variety of stores and websites. For example, distributor Synnex distributes the Vault Wallet in stores across the United States and Canada including, for example, Fry's Electronics and Microcenter. Plaintiff Silk also sells the Vault Wallet on the websites Walmart.com, bestbuy.com, newegg.com and eBay as well as amazon.com. Exhibit 3 is a true and correct copy of an Amazon page illustrating the genuine Vault Wallet from Silk as offered by Silk through Amazon. (Altschul Decl. at ¶ 11.).

6. As shown in Exhibit 3, there are more than 1,000 comments on the Vault Wallet and the vast majority are laudatory. (Altschul Decl. at ¶ 11)

7. Silk spent months and tens of thousands of dollars designing the Vault product line including the Vault Wallet for iPhone 7/8. Silk spent hundreds

---

1 Exhibits 2-7 are supported by the Altschul Declaration (Exhibit 1) and attached thereto.

2 The Copyright Claimant of Registration VA 2-051-414 is Catalyst Medium Four, Inc., the entity that does business as Silk. For convenience, the images of the Copyright Registration (Exhibit 2) are separately numbered Exhibit 2A – 2G.

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

more hours designing the production tooling and arranging the manufacturing processes that resulted in the production of the Vault product line including the Vault Wallet. Silk has spent over $500,000 advertising and marketing the genuine Vault product line and now the Vault Wallet. Thousands more dollars have been spent by Silk on production costs for this product line. Further, thousands of units of the Vault Wallet have not only been sold but many more thousands have been produced and stored by Silk. (Altschul Decl. at ¶ 9.)

8. Taking advantage of the Plaintiff and its efforts in producing and marketing the distinctive and recognized Vault Wallet, Defendants have unfairly misappropriated the skill, design, efforts and investments of Silk to further their own interests by making, promoting and selling a knockoff Vault Wallet that trades off the good will and efforts of Silk to unjustly enrich the Defendant. To further their scheme, Defendants have imported, offered for sale and sold mobile phone cases in the State of California and in interstate commerce, which are unauthorized simulacra of the Vault Wallet. To market its impostor Vault Wallet, the Defendant uses language similar to that used by Silk to market the genuine Vault Wallet. For example, Silk identifies its product with the word "Wallet," and the Defendant identifies its Silk impostor as the "Trianium iPhone 8 / iPhone 7 Wallet Case" (hereafter, the "Impostor Vault Wallet").

9. The Defendant has appropriated into the design of its product distinctive design features that are associated with the genuine Silk Vault Wallet in the marketplace and which Silk had incorporated into its Vault product line

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

years earlier as it was building its reputation and market position. The effect and, on information and belief, the intent of the Defendant was to trade off of and take advantage of the market recognition cultivated by Silk by creating a product that "looks like" the genuine Silk Vault Wallet but avoids being an exacting copy in an attempt to evade legal exposure. The Impostor Vault Wallet from the Defendant is not the first time that Defendant has misappropriated design features and marketing materials belonging to Silk into its products and marketing efforts. (See Altschul Decl. ¶ 12.)

10. Exhibit 4 shows in comparison, a genuine Vault Wallet and the Impostor Vault Wallet, illustrating the mimicry of the Defendant. For example, in Exhibit 4, identified by the "1" in a red circle, the thumb-out of both the genuine Silk Vault Wallet and the Defendant's Impostor Vault Wallet are of similar size and angular cut out when neither of those features are required by function. The angular bevel along the back edge is characteristic of a Silk product and in particular the Vault Wallet and that feature identified by the "2" in the red circle has been copied by the Defendant in their Vault Wallet simulacrum and again, that feature is not required by function and has come to identify the source of the product as being rightfully Silk. The card slot identified by a "3" in a red circle is disposed similarly in both the Vault Wallet and the Vault Wallet simulacrum even though neither its distance from the edge of the product nor the side to which it opens is dictated by function yet again, the Defendant mimics the design feature of the Plaintiff's Vault Wallet. (Altschul Decl. ¶ 14)

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

11. Defendant Ultraproof is not authorized to sell mobile phone products that simulate or mimic Silk mobile phone products nor to trade off the market position and use the distinctive non-functional elements employed by Silk design. The Defendant is not authorized to use marketing materials and images and text that are substantially similar to and call to mind the marketing materials used by Silk to market its genuine mobile phone cases. (Altschul Decl. at ¶ 14.)

12. The Impostor Vault Wallet is being distributed and sold by Defendant in direct competition to the genuine Silk Vault Wallet.

**JURISDICTION AND VENUE**

13. This is an action for unfair competition under Section 43(a) the Lanham Act, 15 U.S.C. § 1125, the common laws of the State of California, and unfair competition under California State Law Business and Professions Code §§ 17200, et seq., and copyright infringement under 17 U.S.C. § 106 and § 501 *et seq*. The matter in controversy, exclusive of interest and costs, exceeds the sum or value of seventy-five thousand dollars ($75,000) and is between citizens of different states and/or arises under the laws of the United States.

14. The Court has jurisdiction of the subject matter pursuant to § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332(a) and (c), and 1338 and/or 1367(a).

15. The Court has personal jurisdiction over the Defendant because, amongst other things, the Defendant has done and is doing business in the State of California and in this judicial district. The Defendant has a principal executive

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

office at 1867 Whipple Road, Hayward CA 94544 and has caused that office to be identified to the Secretary of State of California through an Information Statement in which at line 4 it states that its Hayward office is a "principal executive office" of the Defendant. (See Exhibit 5)

16. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

17. Plaintiff Catalyst Medium Four, Inc. ("Silk") is a corporation organized and existing under the laws of the state of Texas, with a principal place of business at 500 E. 4th St., Ste. 122, Austin, TX 78701-3720.

18. On information and belief, Defendant Ultraproof is a corporation organized and existing under the laws of the state of Nevada.

19. According to the Trianium website, Ultraproof is the only authorized seller, distributor, and marketer of Trianium products.

20. Upon information and belief, the agent for service of process for Ultraproof is United States Corporation Agents, Inc. 500 N Rainbow Blvd Ste. 300a Las Vegas, NV 89107 and the president, secretary, treasurer, and director of Ultraproof is Jianshen Guo.

## COUNT ONE
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §§ 100 *et seq.*

21. All previous paragraphs of the present Complaint are incorporated by reference as if set out in full in this Count.

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

22. As a cause of action and ground for relief, Plaintiff Silk alleges that the Defendant has and is engaged in copyright infringement under 17 U.S.C. §§ 106 & 501 and incorporates by reference all the previous Paragraphs of the Complaint, inclusive, as if fully set forth herein.

23. The images of Exhibit 2 are owned by Silk and were authored by Mr. Altschul. (Altschul Decl., ¶ 10). As stated previously herein, those images are registered with the U.S. Copyright Office (hereinafter "the Infringed Images"). The copyrights in the Infringed Images were registered on May 26, 2017 as Registration No. VA 2-051-414 and that registration is owned by Catalyst Medium Four, Inc., which does business as "Silk." (*See* Exhibit 2).

24. The Defendant has infringed Plaintiff's copyright in the Infringed Images in violation of Sections 106 and 501 et seq. of the Copyright Act by using in its marketing and advertising activities images that are substantially similar to the Infringed Images and are derivative of the copyrighted material of Silk. For example, on information and belief, the Defendant has created images substantially similar to and derivative of the images used in the Copyright Registration which have been used as shown in a webpage from Amazon offering the Impostor Vault Wallet. (See Altschul Decl. ¶ 12; see also Exhibits 6 & 7). The images used by the Defendant are substantially similar to and derivative of the Infringed Images owned by Silk which are shown in Exhibit 2. Further, the same images in Exhibits 2 & 3 are currently being used on an Amazon webpage that offers the "Trianium iPhone X Wallet Case [Walletium Series] for Apple iPhone..."

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

and therefore Plaintiff alleges copyright infringement due to that use.

25. Defendant's acts are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

26. As a direct and proximate result of the infringement by Defendant, Silk is entitled to damages in an amount to be proven at trial.

27. Plaintiff Silk is also entitled to Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(a)(1) and (b), including an accounting of and a constructive trust as to such profits.

28. As a direct result and proximate result of the acts and conduct stated herein the Plaintiff has sustained and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, Plaintiff believes that unless enjoined and restrained by this Court, the Defendant will continue to infringe the Plaintiff's rights in the Infringed Images.

**COUNT TWO**
**UNFAIR COMPETITION**
**15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act**

29. All previous paragraphs of this Complaint are incorporated by reference as if set out in full in this Count.

30. As a cause of action and grounds for relief, Plaintiff Silk alleges that Defendant Ultraproof has engaged and is engaged in acts of unfair competition under § 43(a) of the Federal Trademark Act, 15 U.S.C. §§ 1125(a) and 1125(b) and common law and incorporates by reference all of the prior paragraphs of the

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

Complaint, inclusive, as if fully set forth herein.

31. By designing and marketing its Impostor Vault Wallet to mimic the Vault Wallet and associated marketing from Silk and selling the Impostor Vault Wallet in commerce with marketing materials and images substantially similar to those used by the Plaintiff, the Defendant has created the false impression that the Impostor Vault Wallet and the genuine Vault Wallet have a common origin. The scheme of the Defendant is likely to cause confusion with relevant consumers as to the source of the Impostor Vault Wallet.

32. Defendant has harmed Silk and wrongfully taken unto itself sales and profits from its unlawful activity. Silk has further been harmed by loss of sales to the Defendant.

33. Plaintiff believes that unless enjoined by this Court, Defendants will continue to engage in acts of unfair competition against the Plaintiff, thereby deceiving the public and causing the Plaintiff immediate and irreparable injury for which there is no adequate remedy at law.

**COUNT THREE**
**Unfair Competition under California State Law**
**Business and Professions Code §§ 17200 et seq.**

34. All previous paragraphs of the present Complaint are incorporated by reference as if set out in full in this Count.

35. As a cause of action and ground for relief, Plaintiff Silk alleges that Defendant has engaged in fraudulent and unfair business acts which are likely to deceive the public and which harm the Plaintiff Silk.

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

36. On information and belief Defendant has been engaged in a plan to trade off the market success of Silk by copying the design of Silk's marketing materials and products and misappropriating into its Impostor Vault Wallet product the distinctive design features of the genuine Vault Wallet.

37. By making, marketing and selling the Impostor Vault Wallet and creating an impression likely to confuse the public as to the origin of the Impostor Vault Wallet, Defendant has harmed Silk and taken unto itself sales and profits from its fraudulent and unfair conduct.

38. Defendant's acts are willful, intentional, and purposeful in disregard of and with indifference to Plaintiff's rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants and that such judgment include:

1. Findings that the Defendant has:

a. competed unfairly with Plaintiff as defined by § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law and injured the Plaintiff in the manner complained of herein;

b. has competed fraudulently and unfairly under California State Law Business and Professions Code §§ 17200 et seq. in the manner complained of here; and

c. has infringed the Plaintiff's copyright in the Infringed Images.

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

    2. An ORDER from the Court providing that the Defendants, jointly and severally:

a. Be permanently enjoined from (a) continuing to infringe Plaintiff's copyright in the Infringed Images; (b) making, having made, offering to sell or selling the Impostor Vault Wallet mobile phone case or any mobile phone cases or any other reproduction, counterfeit, copy or colorable imitation of the Silk Vault Wallet; and (c) otherwise unfairly or fraudulently competing with the Plaintiff or its agents or distributors or otherwise injuring Plaintiff's business reputation. Such injunction shall extend to the Defendants and their respective agents, servants, employees, officers, successors, licensees and assigns and all persons acting in concert or participation with each or any of them;

b. Be required in equity, within 15 days of the ORDER, to account for and pay to Plaintiff the profits the Defendant has realized which are attributable to its acts of unfair competition pursuant to Section 43(a) of the Federal Trademark Act, 15 U.S.C. §1125(a);

c. Be required to pay the Plaintiff the Defendant's profits and any costs of this action and any damages which the Plaintiff sustained as a result of Defendant's acts of unfair competition

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

and such damages shall be trebled pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), as amended; and

d. Be required to pay to the Plaintiff the Defendant's profits and any costs of this action and damages the Plaintiff has incurred as a result of the Defendant's wrongful action under California State Law Business and Professions Code §§ 17200 et seq.

e. Be required to pay the Plaintiff the damages which Plaintiff has sustained as a result of the Defendant's acts of copyright infringement pursuant to the Federal Copyright Act, 17 U.S.C. § 501.

f. Be required to pay to Plaintiff, as punitive damages, $250,000 or an amount as the Court may deem just.

g. Be required to pay the Plaintiff its reasonable attorneys' fees incurred in pursuit of this action.

3. Such other, different and additional relief as this Court deems equitable and proper.

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

Respectfully submitted,

Dated: November 28, 2017

/s/ *Perry Clark*

Perry R. Clark
California State Bar No. 197101
Perry@PerryClarkLaw.com
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248-5817

J. Scott Denko
Texas State Bar No. 00792457
Denko@DCLLegal.com
John M. Bustamante
Texas State Bar No. 24040618
Bustamante@DCLLegal.com
DENKO & BUSTAMANTE LLP
114 W. 7th St., Suite 1100
Austin, Texas 78701
Telephone: (512) 906-2074
Facsimile: (512) 906-2075

**Attorneys for PLAINTIFF CATALYST MEDIUM FOUR, INC., dba SILK**

ORIGINAL COMPLAINT
Case No.: 17-cv-6833

Page 14

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6(a), Plaintiff hereby demands a jury trial on issues so triable.

Respectfully submitted,

Dated: November 28, 2017

/s/ *Perry Clark*

Perry R. Clark
California State Bar No. 197101
Perry@PerryClarkLaw.com
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248-5817

J. Scott Denko
Texas State Bar No. 00792457
Denko@DCLLegal.com
John M. Bustamante
Texas State Bar No. 24040618
Bustamante@DCLLegal.com
DENKO & BUSTAMANTE LLP
114 W. 7th St., Suite 1100
Austin, Texas 78701
Telephone: (512) 906-2074
Facsimile: (512) 906-2075

**Attorneys for PLAINTIFF CATALYST MEDIUM FOUR, INC., dba SILK**

ORIGINAL COMPLAINT
Case No.: 17-cv-6833
Page 15

Denko & Bustamante LLP
114 West 7th St.
Suite 1100
Austin, TX 78701